**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Turner,<br><br>                     Petitioner,<br><br>v.<br><br>P. Cole, et al.,<br><br>                     Respondents. | No. CV-22-00178-PHX-JAT<br><br>**ORDER** |

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241. The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed. (Doc. 10 at 5).

In summary, Petitioner claims he has earned good time credits toward his release date. (Doc. 10 at 3). Petitioner acknowledges that those credits cannot be applied until he has enough credits to be released. (*Id.*). Petitioner acknowledges that he has not yet crossed that threshold. (*Id.*). Nonetheless, Petitioner brings this Petition, "…asking that my FSA [time credits] earned between December 18, 2018 and December 31, 2021 be properly calculated now and verified, in writing, to ensure that there will be no discrepancies when I am eligible to apply them." (Doc. 8 at 2).

Respondents answered and moved to dismiss arguing that the claims in the Petition are not ripe. (Doc. 7 at 8). Respondents argue that: "Even if Petitioner's claim that he has earned and is entitled to have applied 330 FSA [time credits] is accurate, he would not be eligible for any pre-release placement on home confinement, halfway house, or early

supervised released for over four years." (*Id.*).

The R&R agrees with Respondents that this claim is not ripe. (Doc. 10 at 4). Thus, the R&R recommends that this Court grant Respondents' motion to dismiss and dismiss this case without prejudice. Neither party objected to this recommendation and the time to object has expired.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

Because neither party objected, the Court accepts the R&R. Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 10) is accepted and adopted; Respondents' Motion to Dismiss (Doc. 7) is granted; this case is dismissed

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review for an R&R.

without prejudice and the Clerk of the Court shall enter judgment accordingly.

Dated this 16th day of June, 2022.

James A. Teilborg
Senior United States District Judge